UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 JUN -6 PM 4: 35

CLERK

BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA        )
                                )    NO. 5:13-cr-86
        v.                      )
                                )    (18 U.S.C. §514, 1341,
                                )     26 U.S.C. §§ 7206(1),
TIMOTHY FORREST EDGAR           )     7212(a))

## INDICTMENT

The Grand Jury charges:

### Count One

1.  At all times relevant to the Indictment the Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

2.  From the Fall of 2000 until the Spring of 2003, TIMOTHY FORREST EDGAR was employed as a teacher in Rhode Island. Each year, EDGAR earned income that was reportable to the IRS.

3.  From the Fall of 2004 through the present, TIMOTHY FORREST EDGAR was a resident of Wolcott, Vermont.

4.  From the Fall of 2004 until the Spring of 2007, EDGAR was employed as a teacher in Vermont. Each year, EDGAR earned income that was reportable to the IRS.

5.  From in or about 2002 through in or about November 2010, EDGAR corruptly endeavoured to obstruct and impede the due administration of the internal revenue laws

of the United States, concerning the ascertainment, computation, assessment, and collection of federal taxes, by among other things:

(a) For tax years 2002 and 2003, EDGAR provided his employer in Rhode Island with documents claiming that he was exempt from federal income tax withholding;

(b) On or about March 17, 2005, EDGAR provided a check to the IRS payable to the United States Treasury for $1761.00 purportedly drawn from an account at Connecticut River Bank, N.A., when EDGAR knew that the check would not be covered by the named bank;

(c) On or about April 13, 2005, EDGAR provided a check to the IRS payable to the United States Treasury for $672.02 purportedly drawn from an account at Connecticut River Bank, N.A., when EDGAR knew that the check would not be covered by the named bank;

(d) On or about August 1, 2005, EDGAR provided a check to the IRS payable to the United States Treasury for $699.67 purportedly drawn from an account at Connecticut River Bank, N.A., when EDGAR knew that the check would not be covered by the named bank;

(e) On or about October 31, 2005, EDGAR provided a check to the IRS payable to the United States Treasury for $724.96 purportedly drawn from an account at Connecticut River Bank, N.A., when EDGAR knew that the check would not be covered by the named bank;

(f) On or about December 18, 2005, EDGAR provided a check to the IRS payable to the United States Treasury for $1359.44 purportedly drawn from an account at Connecticut River Bank, N.A., when EDGAR knew that the check would not be covered by the named bank;

(g) On or about April 11, 2006, EDGAR provided his employer in Vermont with a document claiming he was exempt from having federal income taxes withheld from his wages;

(h) On or about April 23, 2006, EDGAR provided a check to the IRS payable to

the United States Treasury for $1386.62 purportedly drawn from an account at Connecticut River Bank, N.A., when EDGAR knew that the check would not be covered by the named bank;

(i)    On or about June 11, 2007, EDGAR filed a 2002 Amended U.S. Individual Income Tax Return claiming a refund for $3,263.00, the total of the federal income tax and social security tax withholdings from his 2002 earnings;

(j)    On or about June 11, 2007, EDGAR filed a 2003 Amended U.S. Individual Income Tax Return claiming a refund for $2,711.09;

(k)    In or about October 2007, EDGAR began to send a series of $1.00 payments to the IRS;

(l)    On or about October 2, 2008, EDGAR filed a 2007 U.S. Individual Income Tax Return claiming a refund for $43,423.28;

(m)    In or about September 2010, P.B., an individual associated with EDGAR, filed to obtain tax identification numbers for "Pocket Bill Management Trust" and "TFW Management Trust." On or about September 30, 2010, P.B. opened accounts at Union Bank in the names of Pocket Bill Management Trust and TFW Management Trust. Trust documents listed EDGAR as the manager for both of these trusts;

(n)    Between in or about October 2010 and in or about November 2010, EDGAR filed false notices of liens under the Uniform Commercial Code claiming that IRS employees involved in the effort to collect EDGAR's outstanding tax debt personally owed EDGAR money.

(26 U.S.C. § 7212(a))

## Count Two

The grand jury further charges that:

On or about June 11, 2007, in the District of Vermont and elsewhere, defendant TIMOTHY FORREST EDGAR, a resident of Vermont, did willfully make and subscribe an Amended 2002 U.S. Individual Income Tax Return (Form 1040X), which was verified by a written declaration that it was made under the penalties of perjury and which the defendant did not believe to be true and correct as to every material matter. That Form 1040X, which was filed with the IRS, stated at line 1 that EDGAR had earned no wages, but asserted at lines 11 and 23 that he was owed a $3263 refund, when EDGAR knew and believed that he had received wages and was not entitled to a refund of his tax and social security payments on those wages.

(26 U.S.C. § 7206(1))

The grand jury further charges that:

On or about June 11, 2007, in the District of Vermont and elsewhere, defendant TIMOTHY FORREST EDGAR, a resident of Vermont, did willfully make and subscribe an Amended 2002 U.S. Individual Income Tax Return (Form 1040X), which was verified by a written declaration that it was made under the penalties of perjury and which the defendant did not believe to be true and correct as to every material matter. That Form 1040X, which was filed with the IRS, stated at line 1 that EDGAR had earned no wages, but asserted at lines 11 and 23 that he was owed a $3263 refund, when EDGAR knew and believed that he had received wages and was not entitled to a refund of his tax and social security payments on those wages.

(26 U.S.C. § 7206(1))

## Count Three

The grand jury further charges that:

On or about June 11, 2007, in the District of Vermont and elsewhere, defendant TIMOTHY FORREST EDGAR, a resident of Vermont, did willfully make and subscribe an Amended 2003 U.S. Individual Income Tax Return (Form 1040X), which was verified by a written declaration that it was made under the penalties of perjury and which the defendant did not believe to be true and correct as to every material matter. That Form 1040X, which was filed with the IRS, stated at line 1 that EDGAR had earned no wages, but asserted at lines 11 and 23 that he was owed a $2711.09 refund, when EDGAR knew and believed that he had received wages and was not entitled to a refund of his tax and social security payments on those wages.

(26 U.S.C. § 7206(1))

## Count Four

The grand jury further charges that:

On or about April 8, 2008, in the District of Vermont and elsewhere, defendant TIMOTHY FORREST EDGAR, a resident of Vermont, did willfully make and subscribe an 2007 U.S. Individual Income Tax Return (Form 1040), which was verified by a written declaration that it was made under the penalties of perjury and which the defendant did not believe to be true and correct as to every material matter. That Form 1040, which was filed with the IRS, stated at line 7 that EDGAR had earned no wages, but asserted at lines 22 and 74a that he was owed a $43,423.28 refund, when EDGAR knew and believed that he had received wages and was not entitled to the claimed refund.

(26 U.S.C. § 7206(1))

## Counts Five-Eight

The grand jury further charges that:

1. At all times relevant to the Indictment:

    a. The Vermont Agency of Human Services, Department for Children and Families, Office of Child Support ("OCS") was the Vermont state agency responsible for establishing, collecting upon, enforcing, and modifying support orders for children who do not live with both parents.

2. In 2001, EDGAR became the father of a child with T.B. T.B. and EDGAR later separated. In 2007, T.B. began proceedings in the Washington County, Vermont Family Court to determine custody and support obligations for the child.

3. In January 2008, the family court in Washington, County, Vermont, Judge D., awarded sole custody of the child to T.B. and issued an order for support requiring monthly payments from EDGAR to T.B.

4. Between February 2008 and at least June 2010, EDGAR repeatedly filed fraudulent documents with the Washington County Family Court and OCS in an attempt to avoid his child support payment obligations.

5. Between 2008 and 2010, EDGAR repeatedly sent fraudulent lien notices to Lamoille County Sheriff's Deputies who attempted to serve him with official notices related to the on-going Family Court proceedings.

6. On or about the dates indicated below, in the District of Vermont and elsewhere, the defendant TIMOTHY FORREST EDGAR with intent to defraud, did pass, utter, present, offer, and sell and cause to be passed, uttered, presented, offered, and sold, within the United States, the listed false and fictitious instruments, documents, and other items appearing,

representing, purporting or contriving through scheme and artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State, or other political subdivision of the United States, or an organization:

| Count | Date (on or about) | Description | Sent to | Value |
|---|---|---|---|---|
| 5 | 8/19/08 | Indemnity Bond | OCS | $3,080.00 |
| 6 | 10/9/08 | Indemnity Bond | Lamoille Co. Sheriff | $ 250,000.00 |
| 7 | 3/2/09 | Peace Bond | OCS | $50,000,000.00 |
| 8 | 8/20/10 | Invoice 666 | Lamoille Co. Sheriff | $39,000,000.00 |

(18 U.S.C. § 514)

## Count Nine

The grand jury further charges that:

1. Paragraphs 1 through 5 of Counts Five through Eight of this Indictment are hereby realleged and incorporated as if set forth herein.

2. From in or about February 2009 through in or about November 2009, in the district of Vermont and elsewhere, the defendant TIMOTHY FORREST EDGAR, with the intent to defraud, devised a scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises.

3. It was part of the scheme and artifice that from in or about May 2008 through in or about early 2009, the defendant TIMOTHY FOREST EDGAR routinely returned documents served on him by the Washington Family court with a stamp stating indicating that the obligation to the Washington Family court should be paid by the U.S. Treasury on his behalf and charged to Judge D.

4. It was further part of the scheme and artifice to defraud that on or about March 6, 2009, the defendant TIMOTHY FORREST EDGAR created documents including a Notice of Lien, Certificate of Non-Performance, and Notary Certificate of Service to Judge D. of the Washington County Family Court claiming that Judge D. owed him over $50,000,000.00, and had failed to pay on the outstanding debt.

5. It was further a part of the scheme and artifice to defraud that between on or before November 17, 2009, the defendant TIMOTHY FORREST EDGAR prepared a UCC Financing Statement for the state of New Hampshire, purporting to record a $50,010,650.00 debt owed by Judge D. to TIMOTHY FORREST EDGAR.

6. It was further a part of the scheme and artifice to defraud that on or about

November 17, 2009, the defendant TIMOTHY FORREST EDGAR contacted a New York, New York-based investment and securities firm offering to sell the lien against Judge D. to the firm or to allow the firm to broker it on his behalf.

7. On or about November 17, 2009, in the district of Vermont and elsewhere, the defendant TIMOTHY FORREST EDGAR, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be delivered by mail a letter offering to sell to an investment and securities firm a lien representing that Judge D. owed EDGAR over $50 million, when, in truth and in fact, EDGAR knew Judge D. did not owe him any money.

(18 U.S.C. §1341)

A TRUE BILL



FOREPERSON

*[signature]* for Tristram J. Coffin
TRISTRAM J. COFFIN
United States Attorney
Burlington, Vermont
June 5, 2013